[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION
The court, having heard the evidence and testimony concerning the defendant's Motion for Modification of Custody, Post Dissolution dated January 15, 1992, makes the following findings and conclusions.
This case has generated approximately thirteen motions and/or hearings in less than two years since judgment entered.
Most of the problems result from the shared parenting arrangement of the parties regarding their five and one-half year old son, Shaun.
In the instant motion, the defendant mother alleges that the plaintiff father takes Shaun to New Jersey on weekends, returning late Sunday evenings. This results in Shaun being overtired and disruptive in school. She further alleges that CT Page 6478 the plaintiff's mother no longer wishes to assist in getting Shaun to school Monday mornings. Finally, she claims the plaintiff failed to return Shaun to her care and custody for three days in January, 1992.
The court finds that insufficient evidence was offered to substantiate the first two claims. As for the third, the court finds that to be an isolated incident, not consistent with the overall good performance by the plaintiff regarding custody and visitation.
For the foregoing reasons, the court finds the defendant has failed, on those grounds, to show a sufficient change in circumstances necessary to require modification of the current orders.
However, the testimony and evidence offered by the plaintiff, defendant, Family Relations counselor and attorney for the minor child points out the need to reconsider the visitation and custody orders as they exist.
The child is five and one-half years old and about to enter the first grade. He is presently in the custody of his mother, the defendant, each week from Monday after school until Friday morning — except for the first weekend of the month. During the week after the first weekend each month he is with his father from after school Tuesday until school Thursday morning.
Other custody is shared on holidays and during the summer.
The parties presently share joint legal custody of Shaun. Shaun's primary residence is deemed to be his father's home in Hartford although he actually spends more time, per month, in his mother's home than in his father's.
The living arrangements, as complex as they are, soon might be more involved as the plaintiff is about to move to a home he recently purchased in Meriden.
Testimony was offered by the Family Relations counselor that the "flip-flopping" of Shaun between residences has had a negative aspect on him. She further reported that Shaun's school social worker observed that the resulting lack of structure has resulted in confusion and has manifested itself in aggressive behavior in Shaun.
The parties clearly indicated by their respective testimony that little, if any, responsible communication exists between them regarding Shaun's health, education and welfare. CT Page 6479
For the following reasons the court finds that the existing judgment should be modified as follows.
Custody of the minor child shall remain joint legal custody in the plaintiff and defendant. They are directed to reverse their past performance and become completely open, honest, informative and cooperative in all matters concerning their son.
The primary residence of Shaun shall be that of his mother, the defendant, which it has been, de facto, since the original judgment entered.
The plaintiff shall have parenting time with Shaun on the second, third and fourth weekends of each month from after school Friday until 7:00 P.M. Sunday. However, on the third weekend of each month, such time shall extend overnight Sunday to Monday not later than 9:00 A.M. On school Mondays, the plaintiff shall have the responsibility to provide transportation for Shaun to school. Also, the plaintiff shall have parenting time every Wednesday from after school until 7:30 P.M.
No modification of the judgment is made regarding holidays.
Summer vacation visitation is modified as follows: each of the parties is to have three weeks of uninterrupted parenting time with Shaun. Those weeks need not be three consecutive weeks.
By their agreement, the time spent by Shaun in Jamaica with his paternal grandmother each summer shall not be debited against the uninterrupted three weeks allocated to each of the parties.
The following orders are predicated upon a bona fide effort by the parties to minimize their personal animosity and to increase their efforts to include each other in the many important decisions that will have to be made in Shaun's interest.
The parties are directed to contribute equally to the fee of the attorney for the minor children in the approved amount of $1,000.00, that being $500.00 each.
BY THE COURT, Doherty, J. CT Page 6480